# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN WHITENIGHT, )
          Plaintiff, )
v. )
JOHN WETZEL, *et al.*, )
          Defendants. )

Civil Action No. 2:16-cv-1864

United States Magistrate Judge
Cynthia Reed Eddy

## MEMORANDUM OPINION AND ORDER[1]

At the time Plaintiff filed his request for injunctive relief, ECF No. 20, he was a prisoner at SCI-Greene. In his motion, Plaintiff seeks an order directing Defendants to provide a medically appropriate course of medical treatment for his back problems. In particular, Plaintiff wants an examination by a qualified neurosurgeon-specialist.

Since filing the motion, Plaintiff has been released and is apparently residing in a private residence in Berwick, PA. Defendants Norris, Wetzel, R. Clites, Dr. Herbik, Dr. Jin, Dr. Alpert, Raj Mahli, Dr. Park, Ester Mattes, Elan Mwaura and Correct Care Solutions, Inc., have responded to the motion arguing that Plaintiff's claims for injunctive relief are moot. (ECF No. 155, 160). Plaintiff filed a reply in which he argues that he has obtained a medical card / health insurance through the Commonwealth Access system, and that the Commonwealth Access system should not be liable for Defendants' "wanton actions and medical treatment denials . . . ." (ECF No. 187).

---

[1] All parties who have been served have consented to jurisdiction before a United States Magistrate Judge; therefore, the Court has the authority to decide dispositive motions, and to eventually enter final judgment. See 28 U.S.C. § 636, et seq. See ECF Nos. 57, 101, 105, 113, 165, 168, 170, and 185. The only parties who have not been served are John / Jane Doe defendants.

After consideration of the parties' submissions, the Court finds that because Plaintiff has been released from DOC custody, his claims for injunctive relief are, in fact, moot. The rule is that where a plaintiff seeks injunctive relief for prison conditions that he is no longer subject to, there is no longer a live controversy and a court cannot grant that injunctive relief. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993). Hence, the injunctive relief claims should be dismissed against all of the Defendants.

An appropriate Order follows.

## ORDER

**AND NOW,** this 14th day of December, 2017, it is hereby **ORDERED, ADUDGED AND DECREED** that Plaintiff's Motion for Temporary Injunction is **DENIED** as moot and the injunctive relief claims are dismissed against all of the Defendants.

                                                    s/Cynthia Reed Eddy
                                                    Cynthia Reed Eddy
                                                    United States Magistrate Judge

cc:    SHAWN WHITENIGHT
       182 Evansville Road
       Berwick, PA 18603
       (via U.S. First Class Mail)

       All counsel of record
       (via ECF electronic notification)